### BRADLEY *v.* THE STATE, Walk. Miss. Rep., 156.

#### ASSAULT AND BATTERY.

Although, at common law, a husband has the right to chastise his wife, he may still be convicted of an assault and battery upon her.

ELLIS, J.:

This case was tried in the circuit court before the Honorable Judge Turner, at the April term, 1824. The defendant was indicted for a common assault and battery, and upon his arraignment, pleaded not guilty, *son assault demesne,* and that Lydia Bradley was his lawful wife, etc. Issue was taken upon all the pleas. After the evidence was submitted, and before the jury retired, the counsel for the defendant moved the court to instruct the jury, " If they believed the person named in the bill of indictment, and upon whom the assault and battery was committed, was the wife of the defendant, at the time of the assault and battery,—that then and in such case they could not find the defendant guilty." The court refused to give the instructions prayed for by the defendant, and charged the jury that a husband could commit an assault and battery on the body of his wife, to which opinion of the court a bill of exceptions was filed, and the case comes up by writ of error upon petition.

The only question submitted for the consideration of the court is, whether a husband can commit an assault and battery upon the body of his wife. This, as an abstract proposition, will not admit of doubt. But I am fully persuaded, from the examination I have made, an unlimited license of this kind cannot be sanctioned, either upon principles of law or humanity. It is true, according to the old law, the husband might give his wife moderate correction, because he is answerable for her misbehavior; hence it was thought reasonable to intrust him with a power, necessary to restrain the indiscretion of one for whose conduct he was to be made responsible. Strange, 478, 875, 1 H. P. C. 130. Sir William Blackstone says, "during the reign of Charles the First, this power was much doubted,—notwithstanding the lower orders of people still claimed and exercised it as an inherent privilege, which could not be abandoned without entrenching upon their rightful authority, known and acknowledged from the earliest periods of the common law down to the present day. I believe it was in a case before Mr. Justice Raymond, where the same doctrine was recognized, with proper limitations and restrictions well suited to the condition and feelings of those who might think proper to use a whip or rattan, no bigger than my thumb, in order to enforce the salutary restraints of domestic discipline." I think his lordship might have narrowed down the rule in such a manner as to restrain the exercise of the right within the compass of great moderation without producing a destruction of the principle itself. If the defendant now before us could show, from the record in this case, he confined himself within reasonable bounds when he thought proper to chastise his wife, we would deliberate long before an affirmance of the judgment.

The indictment charges the defendant with having made an assault upon one Lydia Bradley, and then and there did beat, bruise, etc.—and the jury have found the defendant guilty, which never could have taken place, if the evidence supported either the second or third pleas of the accused. It was not necessary for the defendant below to introduce his second and third pleas, as we think he could have made a full and ample defence, upon the same matter, under the plea of the general

issue.    However abhorent to the feelings of every member of the
bench, must be the exercise of this remnant of feudal authority,
to inflict pain and suffering, when all the finer feelings of the
heart should be warmed into devotion, by our most affection-
ate regards, yet every principle of public policy and expedi-
ency, in reference to the domestic relations, would seem to re-
quire the establishment of the rule we have laid down, in order
to prevent the deplorable spectacle of the exhibition of similar
cases in our courts of justice.    Family broils and dissensions cannot
be investigated before the tribunals of the country, without casting
a shade over the character of those who are unfortunately en-
gaged in the controversy.    To screen from public reproach those
who may be thus unhappily situated, let the husband be permitted
to exercise the right of moderate chastisement, in cases of great
emergency, and use salutary restraints in every case of misbe-
havior, without being subjected to vexatious prosecutions, re-
sulting in the mutual discredit and shame of all parties con-
cerned.

Judgment affirmed.